IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS DINGUS,

                        Plaintiff,                            CV-05-1298-ST

           v.                                      FINDINGS AND
                                                      RECOMMENDATION

CITY OF PORTLAND, PORTLAND POLICE
BUREAU, STATE OF OREGON, OFFICER
HONL, OFFICER MCINTYRE, and OFFICER
CHIN,

                        Defendants.

STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiff, Douglas Dingus, filed this action initially in state court on May 24, 2005,

seeking damages under 42 USC § 1983 against defendants for using excessive force and illegally

arresting and imprisoning him on May 27, 2003, in violation of his rights under the Fourth and

Fourteenth Amendments to the United States Constitution.  Defendant, the City of Portland,

timely removed the action to this court on August 19, 2005. On October 14, 2005, plaintiff filed

a First Amended Complaint. This court has jurisdiction pursuant to 28 USC §§ 1331 and 1343.

The City of Portland has filed a Rule 12 Motion Against Plaintiff's Complaint (docket

#7) seeking to dismiss the action against Officers Honl, McIntyre and Chin for failure to serve

them within the applicable statute of limitations[1] and against the City of Portland for failure to

state a claim. For the reasons set forth below, that motion should be granted.

## DISCUSSION

## I.      Claim Against Officers Honl, McIntyre and Chin

The statute of limitations for § 1983 actions is determined by state law. *Harding v.

Galceran*, 889 F2d 906, 907 (9th Cir 1989), *cert denied*, 498 US 1082 (1991). For statute of

limitations purposes, § 1983 actions are characterized as personal injury actions. *Id*. In Oregon,

the statute of limitations for personal injury actions is two years. ORS 12.110(1); *Cooper v. City

of Ashland*, 871 F2d 104, 105 (9th Cir 1989).

According to ORS 12.020(1), an action "shall be deemed commenced as to each

defendant when the complaint is filed, and the summons served on the defendant." A party has

60 days in which to accomplish service in order for the complaint to relate back to the date of

filing. ORS 12.020(2). If service is not completed within 120 days, then under FRCP 4(m), the

court shall dismiss the action without prejudice, direct that service be effected within a specified

time or, upon a showing of good cause, extend the time for service.

---

[1] It is not clear why the City of Portland is filing a motion to dismiss the claim against Officers Honl, McIntyre, and Chin. Instead, those individual defendants may appear and make a motion to dismiss under FRCP 12(b)(5) for insufficiency of service of process. However, plaintiff has not challenged the standing of the City of Portland to make this motion, and, in any event, the court may raise defective service on its own motion under FRCP 4(m).

Because plaintiff's alleged injuries occurred on May 27, 2003, the two year statute of limitations for his claim expired on May 28, 2005. Plaintiff filed his Complaint on May 24, 2005, just prior to the expiration of the statute of limitations. However, he had 60 days, or until July 23, 2005, to complete service. Because July 23 was a Saturday, ORCP 10A extended the date to the following Monday, July 25, 2005.

At the time the City of Portland filed its motion to dismiss, plaintiff had not filed any returns of service of any summons with the court. However, in response to the motion, plaintiff filed returns of service of Summons on Officer Honl on July 24, 2005, and on Officer McIntyre on July 22, 2005; both service dates are within 60 days after the Complaint was filed. Nevertheless, the City of Portland contends that neither Officer Honl nor McIntyre were properly served with a copy of the summons and complaint and that no attempt of service has been made on Officer Chin. Plaintiff concedes lack of proper service on Officer Chin, but contends that Officers Honl and McIntyre were properly served.

The laws of the state in which service was effected prior to removal govern challenges to the sufficiency of service of process. FRCP 81(c); *Lee v. City of Beaumont,* 12 F3d 933, 936-37 (9th Cir 1993) ("The issues of the sufficiency of service of process prior to removal is strictly a state law issue . . . .", citing *Anderson v. Allstate Ins. Co.,* 630 F2d 677, 682 (9th Cir 1980)). According to FRCP 4(e)(1), service may be effected "pursuant to the law of the state in which the district court is located, or in which service is effected." Because service was originally effected in Oregon prior to removal, this court will evaluate the challenge to service of process under Oregon law.

To determine whether service of process was proper, Oregon engages in a two-part

inquiry:

> First, if service is accomplished in accordance with one of the specific
> methods allowed in ORCP 7, including substituted service, then it is
> presumptively adequate. If nothing in the record overcomes that
> presumption, the inquiry ends. Second, if service was not accomplished by
> one of those specific methods, the court must determine whether the
> manner of service used satisfies the more general requirement of ORCP 7
> D(1), which provides, in part:  "Summons shall be served * * * in any
> manner reasonably calculated, under all the circumstances, to apprise the
> defendant of the existence and pendency of the action and to afford a
> reasonable opportunity to appear and defend."

*Pham v. Faber*, 152 Or App 634, 637, 955 P2d 257, 259, *rev den*, 327 Or 484, 971 P2d 408

(1998) (summarizing the methodology of *Baker v. Foy*, 310 Or 221, 228-29, 797 P2d 349, 354

(1990)).

Plaintiff's returns of service indicate that an attempt was made to accomplish office

service in accordance with ORCP 7D(2)(c):

> **Office service.** If the person to be served maintains an office for the
> conduct of business, office service may be made by leaving a true copy of
> the summons and the complaint at such office during normal working
> hours with the person who is apparently in charge. Where office service is
> used, the plaintiff, as soon as reasonably possible, shall cause to be
> mailed, by first class mail, a true copy of the summons and the complaint
> to the defendant at the defendant's dwelling house or usual place of abode
> or defendant's place of business or such other place under the
> circumstances that is most reasonably calculated to apprise the defendant
> of the existence and pendency of the action, together with a statement of
> the date, time, and place at which office service was made. For the
> purpose of computing any period of time prescribed or allowed by these
> rules or by statute, office service shall be complete upon such mailing.

The process server left a summons and complaint for Officer Honl on July 24, 2005, with

an "Officer Estes," the person "apparently in charge" at the Portland Police Bureau East

Precinct, during "normal working hours" at 10:25 pm, and left a summons and complaint for Officer McIntyre on July 22, 2005, with an "Officer Jones," the person "apparently in charge" at the Portland Police Bureau Identification Division Central Precinct, during "normal working hours" at 10:07 pm. However, nothing in the record reveals that plaintiff completed office service by mailing a "true copy of the summons and the complaint to the defendant at the defendant's dwelling house or usual place of abode or defendant's place of business or such other place under the circumstances that is most reasonably calculated to apprise the defendant of the existence and pendency of the action." ORCP 7D(2)(c). The failure to complete office service by mailing renders this method of substitute service presumptively inadequate.

Therefore, this court must proceed to the second step of the inquiry and determine whether the method of service satisfies the more general requirement of ORCP 7D(1). "[The reasonable notice standard of ORCP 7D(1) is satisfied by examining the totality of the circumstances as they were known to the plaintiff at the time of service. The burden is on the plaintiff to show adequate service of summons if the manner chosen is not one of those presumptively valid forms of service listed in ORCP 7D(2)." *Pham*, 152 Or App at 642, 955 P2d at 261. Plaintiff contends that its service of process on Officers Honl and McIntyre was adequate because they received actual notice and, in fact, joined in removal of this case from state court.

This contention must be rejected.

Actual notice does not excuse noncompliance with the requirements of ORCP 7D. The inquiry "focuses not on the defendant's subjective notice, but instead on whether the plaintiff's conduct was objectively, reasonably calculated . . . under the totality of the circumstances then

known to the plaintiff to apprise the defendant of the pendency of the action." *Davis Wright Tremaine, LLP v. Menken,* 181 Or App 332, 337, 45 P3d 983, 985 (2002). A defendant's "actual notice is, essentially, irrelevant." *Id* at 335, 45 P2d at 986.

Plaintiff's reliance on *Williams v. Jett*, 183 Or App 611, 54 P3d 624 (2002), is misplaced. In that case, the plaintiff took the first step towards presumptively sufficient office service by delivering the summons and complaint to the person "apparently in charge" at defendant's office, but failed to complete service with a follow-up mailing. However, two business days later, the defendant's counsel informed the plaintiff's counsel that he had received a copy of the complaint and would respond accordingly. Because the plaintiff's attorney received that letter within the permissible time period for making a follow-up mailing, the court concluded that an objectively reasonable person would have understood during the relevant time period that a follow-up mailing was no longer necessary to reasonably apprise the defendant of the pendency of the action and the need to appear. As a result, the court held that the plaintiff's service efforts complied with ORCP 7D(1).

As in *Williams*, plaintiff delivered the summons and complaint to persons "apparently in charge" of the locations where Officers Honl and McIntyre worked,[2] but failed to make the follow-up mailing. However, unlike *Williams*, plaintiff's attorney received no communication from any attorney representing Officers Honl and McIntyre confirming their receipt of the

---

[2] The City of Portland also argues that the service of process failed because the individual who received the summons and complaint did not have authority to accept service or any duty to tender the summons and complaint to Officers Honl and McIntyre. However, "service on a third person may be adequate under ORCP 7 D(1) if the process server has reason to believe that the person with whom the summons and complaint have been left has regular, frequent and predictable contact with the defendant." *Schwabe, Williamson & Wyatt*, 149 Or App 607, 617, 945 P2d 534, 549 (1997) (process server was not obligated to establish affirmatively that the law office receptionist had a business duty to receive service where regular contact between attorney and office staff member could be inferred). Here the record does not reveal what the process server may have believed about contact between Officers Honl and McIntyre and the persons with whom she left the summons and complaint.

summons and complaint. Plaintiff has presented no facts which would lead a reasonable person to conclude that Officers Honl and McIntyre knew about the action and would be appearing. On the same basis, other cases upholding service under ORCP 7D(1) are distinguishable.

In *Korgan v. Gantenbein*, 74 Or App 154, 702 P2d 427 (1985), the summons and complaint were left with a person over the age of 14 at the defendant's residence, but plaintiff never made a follow-up mailing of the summons and complaint to the defendant's residence. Less than two weeks later, the defendant's attorney wrote to the plaintiff's attorney requesting an extension of time to appear. The court concluded that this method of service was sufficient under ORCP 7D(1) because the plaintiff had reason to believe that the defendant had received actual notice as evidenced by his attorney's letter. In contrast, plaintiff in this case received no communication from Officers Honl and McIntyre or their attorney concerning receipt of the summons and complaint.

In *Stull v. Hoke*, 153 Or App 261, 957 P2d 173, *rev den*, 327 Or 621, 971 P2d 413 (1998), the process server left the summons and complaint with a receptionist at defendant's law office. A short time later, the process server returned and asked if defendant had received the summons. The receptionist replied that she had delivered the papers to defendant who was reading them. However, the plaintiff did not make the follow-up mailing, and there was no evidence that the receptionist had authority to accept service for the defendant. The court held that under the totality of the circumstances, the service complied with ORCP 7D(1):

> Those facts demonstrate that the actions of the process server, in light of what was known to her at the time, were "reasonably calculated" to provide notice of the pendency of the action and that it was not a mere "happenstance" that [defendant] received notice of the pending litigation.

*Id* at 268, 957 P2d at 177.

The same is not true here. Plaintiff has submitted no facts demonstrating that he or the process server had any reason to believe that the summons and complaint were actually delivered to either Officer Honl or Officer McIntyre.

Although the failure to do a follow-up mailing was not fatal in *Williams, Korgan,* or *Stull*, this case is devoid of any facts permitting this court to conclude that plaintiff's efforts were "reasonably calculated, under all the circumstances" to afford Officers Honl and McIntyre notice of the pending action. ORCP 7D(1).

The agreement by Officers Honl and McIntyre to remove this case from state court is not sufficient to infer compliance with ORCP 7D(1). As plaintiff correctly notes, paragraph 2 of the City of Portland's Petition for Removal states that "[e]ach of the named defendants in this case agrees this action should be removed from state to federal court." To comply with 28 USC § 1446(a), all defendants who may properly join in the removal notice must join. *Hewitt v City of Stanton*, 798 F2d 1230, 1323 (9th Cir 1986). However, removing an action from state to federal court does not waive a defendant's defense of lack of process or lack of service of process. *See Phillips v. Mfrs. Trust Co.,* 101 F2d 723, 727 (9th Cir 1939) (holding that the "validity of the service [is] . . . not waived by removal"). In other words, a removing party does not waive objection to the mode of service of process solely by removing a case to federal court. *See Kiro v. Moore,* 229 FRD 228, 232 (D NM 2005). Therefore, by agreeing to join in the City of Portland's removal, Officers Honl and McIntyre did not waive their right to contest the sufficiency of service of process.

Furthermore, the City of Portland removed this action after the 60-day period for effecting service on Officers Honl and McIntyre expired. The fact that Officers Honl and McIntrye agreed to removal of this case from state court by the City of Portland does not necessarily mean that the summons was properly served on them under ORCP 7D(1). Instead, they may have learned about the pendency of this action after the 60 days expired from some source other than plaintiff's presumptively inadequate service attempt.

Accordingly, Officers Honl and McIntyre have not yet been properly served, and more than 60 days have passed since the filing of the Complaint. No good cause has been shown for extending the deadlines for completing service under FRCP 4(m). Even if this court extended the time for service under FRCP 4(m), such service would be too late to deem this action commenced as of the date it was filed pursuant to ORS 12.020(2). As a result, plaintiff's claims against Officers Honl, McIntyre, and Chin are time-barred and should be dismissed with prejudice.

## II.    City of Portland

The City of Portland seeks dismissal for failure of the Amended Complaint to allege any basis for potential liability under § 1983. A municipality cannot be held vicariously liable for the unconstitutional acts of its employees based upon a *respondeat superior* theory. *Monell v. Dep't of Social Serv. of the City of New York*, 436 US 658, 691 (1978). A plaintiff must identify a municipal policy or custom that actually caused the injury to plaintiff. *Id* at 693. In the Ninth Circuit, "a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.'" *Karim-Panahi v. Los*

*Angeles Police Dep't*, 839 F2d 621, 624 (9th Cir 1988), citing *Shah v. County of Los Angeles*, 797 F2d 743, 747 (9th Cir 1986).

Despite this liberal standard for pleading municipal liability under § 1983, the First Amended Complaint is deficient. It fails to allege any policy or custom by the City of Portland that violated plaintiff's constitutional rights. The City of Portland seeks dismissal with prejudice on the basis that any amendment would be futile because a new cause of action will not relate back to the filing of the original Complaint.

Whether an amended complaint relates back for the purposes of imposing a statute of limitations is controlled by state law. *See Merritt v. County of Los Angeles*, 875 F2d 765, 768 (1989) (state's relation back doctrine governs in § 1983 claims). ORCP 23C provides as follows:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment.

Under the first sentence of ORCP 23C, the claims in both pleadings must arise out of the same "conduct, transaction, or occurrence." The City of Portland claims that the § 1983 claim in the original Complaint was directed only against the individual defendants and sought to include the City of Portland only on an impermissible *respondeat superior* claim. The actions of

individual officers, without more, does not create liability for a municipal government.  Any new claim alleged against the City of Portland must be premised on a policy, practice or procedure promulgated or ratified by the City of Portland.  The original Complaint alleges no policy, ordinance, regulation or decision connecting the City of Portland to plaintiff's injury.

Nevertheless, any claim against the City of Portland clearly arises out of the same "occurrence" on May 27, 2003, as the claims against the individual defendants.  The City of Portland was named as a defendant in the original Complaint, even though the claim alleged against it was defective.  Allowing an amendment to the Complaint to cure that defect is not futile because it will relate back to the original Complaint under ORCP 23C.  Thus, the City of Portland's motion to dismiss should be denied, and plaintiff should be allowed leave to file an amended complaint to allege a violation of a custom or policy by the City of Portland.

However, plaintiff's proposed Second Amended Complaint[3] alleges no claim against the City of Portland and instead alleges only one state law tort claim labeled "assault and battery" against Officers Honl, McIntyre and Chin (even though paragraph 18 also alleges an unreasonable search and seizure in violation of the Fourth Amendment).  If the court allows this proposed amendment, then plaintiff intends to move to remand this action back to state court.  However, if a claim arising under federal law exists at the time of removal, the federal court has jurisdiction to adjudicate even though the federal claim is later dropped.  *Carnegie-Mellon Univ. v. Cohill*, 484 US 343 (1988); *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F2d 709, 715 (9th Cir 1990).  A "plaintiff may not compel remand by amending a complaint to eliminate the

---

[3] The proposed Second Amended Complaint is attached to plaintiff's Sur-Reply which incorporates a Motion to File Amended Complaint.  Because the Motion to file an Amended Complaint was not separately filed as required by Local Rule 7.1(b), it was not docketed as a separate motion.

federal question upon which removal was based." *Sparta Surgical Corp. v Nat'l Ass'n of Securities Dealers, Inc.*, 159 F3d 1209, 1213 (9th Cir 1998). Instead, the federal court may exercise its discretion whether to remand "depending upon what will best accommodate the values of economy, convenience, fairness and comity." *Harrell v. 20th Century Ins. Co.*, 934 F2d 203, 205 (9th Cir 1991).

At this juncture, the court should not allow the filing of plaintiff's proposed Second Amended Complaint because any claim against Officers Honl, McIntyre and Chin is time-barred. Instead, this court should only allow the filing of an amended complaint that alleges a properly pled § 1983 claim against the City of Portland.

## RECOMMENDATION

Defendant City of Portland's Rule 12 Motion Against Plaintiff's Complaint (docket #7) should be GRANTED as to defendants Officers Honl, McIntyre, and Chin with prejudice and GRANTED as to defendant the City of Portland without prejudice and with leave to amend within a specified period of time in order to properly plead a § 1983 claim against the City of Portland.

## SCHEDULING ORDER

Objections to the Findings and Recommendation, if any, are due February 28, 2006. If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

///

///

///

*///*

If objections are filed, then a response is due within 10 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

DATED this 8th day of February, 2006.


s/  Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge